IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:07-CR-110 |
| | ) | (Varlan / Guyton) |
| ROY DENNIS TAYLOR, | ) | |
| | ) | |
| Defendant. | ) | |

## **MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This matter came before the Court on October 17, 2007, for hearing on Defendant Roy Dennis Taylor's Motion to Extend Filing Deadline [Doc. 17]; and Motion to Continue Pre-Trial Conference and Trial Dates [Doc. 18]. Mr. Taylor appeared before the Court with his counsel, Gregory P. Isaacs. Assistant United States Attorney J. Edgar Schmutzer was present on behalf of the government.

Counsel for Mr. Taylor, Gregory P. Isaacs, stated in his written submission that he is in the process of obtaining all discovery materials from prior counsel and reviewing the same. Attorney Isaacs stated that additional time is necessary in order to make a thorough assessment of appropriate pretrial motions to be filed in this case. In addition to this ongoing preparation, Attorney Isaacs reported at the hearing that unanticipated issues have arisen in the case which will require further investigation and review of pretrial motions, these substantial developments continuing as recently

as yesterday. The United States agreed with Attorney Isaacs' description of the status of the case and AUSA Schmutzer joined in Mr. Taylor's request for additional time.

Attorney Isaacs stated that he believes the recent developments in the case necessitate a continuance and that it is in the defendant's best interest to continue the currently scheduled trial date. Attorney Isaacs told the Court that he has advised Mr. Taylor of his right to speedy trial and the defendant also believes it is in his best interest to ask for a continuance of the trial.

The Court finds the motion to continue the trial to be well-taken and agrees with the parties that the ends of justice served by granting the continuance outweigh the interest of the defendant and the public in a speedy trial. 18 U.S.C. § 3161(h)(8)(A). The Court observes that Attorney Isaacs has relatively recently assumed representation of Mr. Taylor. The Court will afford the defendant's choice of counsel time to review the files of prior appointed counsel, review and become familiar with materials disclosed in discovery, conduct any remaining legal or factual investigation, identify and prepare any pretrial motions, and to prepare for trial. See 18 U.S.C. § 3161(h)(8)(B)(iv).

The Court finds that this all could not take place before the swiftly approaching October 29, 2007, trial date despite counsel's exercise of due diligence. See 18 U.S.C. § 3161(h)(8)(B)(iv). Thus, the Court finds that the failure to grant a continuance would deprive counsel of time to prepare for trial despite the use of due diligence. See 18 U.S.C. § 3161(h)(8)(B)(iv). Moreover, requiring the defendant to go to trial as originally scheduled despite his attorney's lack of adequate time to prepare would likely result in a miscarriage of justice. See 18 U.S.C. § 3161(h)(8)(B)(I).

The Court questioned Mr. Taylor, who stated that he understood his right to a speedy trial and agreed that a continuance was necessary for the reasons set forth by Attorney Isaacs. Mr. Taylor

agreed with his counsel's assessment that it is in his best interest seek a trial continuance in light of the posture of the case.

AUSA Schmutzer agreed that a continuance was necessary and confirmed Attorney Isaacs' report of recent important developments in the case. The government agreed that all the time between the date the Motion was filed, October 4, 2007, and the new date of the trial is appropriately excludable from the operation of the Speedy Trial Act.

The Court finds that the ends of justice served by granting a continuance outweigh the interest of the defendant and the public in a speedy trial. 18 U.S.C. § 3161(h)(8)(A). Given the approaching October 29, 2007, trial date, the Court finds that the failure to grant a continuance would deprive the defendant of the time to identify and pursue pretrial motions and respond to the recent developments in the case, as identified by both parties. See 18 U.S.C. § 3161(h)(1)(F). Further, the Court finds that defense counsel will need time to conduct preparation as set forth above and to prepare for trial in light of the ruling on issues raised in pretrial motions currently pending before the Court. The Court finds that all of this could not take place before the October 29, 2007, trial date or in less than four months. Thus, without a continuance, counsel would not have the reasonable time necessary to prepare for trial despite their use of due diligence. See 18 U.S.C. § 3161(h)(8)(B)(iv). Likewise, the Court finds that good cause has been shown to extend the deadline previously establish for filing of motions. Mr. Taylor's Motion to Extend Motion Filing Deadline [Doc. 17] is GRANTED; pretrial motions for Defendant Taylor may be filed by October 22, 2007, as requested.

It is **ORDERED**:

(1) Motion to Continue **[Doc. 18]** is **GRANTED**;

(2) The trial of this matter is reset to commence on **February 20, 2008**, **at 9:00 a.m.**, before the Honorable Thomas A. Varlan, United States District Judge;

(3) The motions deadline in this case is extended to **October 22, 2007**;

(4) Responses to pretrial motions are due **November 1, 2007**;

(5) This Court will conduct a Pretrial Conference on **February 14, 2008, at 9:30 a.m.**; and

(6) All the time between the **October 4, 2007,** filing of the Motion to Continue and the new trial date of **February 20, 2008**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein.

**IT IS SO ORDERED.**

ENTER:

s/ H. Bruce Guyton
United States Magistrate Judge